UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLES E. BANKS, III, | ) | CASE NO. 1:24-CV-123 |
| | ) | |
| Plaintiff, | ) | JUDGE CHARLES E. FLEMING |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION AND** |
| CAYLENE HARDYMAN, *et al.*, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## I. Introduction

*Pro se* plaintiff Charles E. Banks, III filed this action against Caylene Hardyman, Rooster's Kitchen Manager Assistant, and Theresa Reid, Rooster's General Manager. (ECF No. 1). Plaintiff's handwritten complaint is mostly illegible, and his statement of claim is indecipherable. (*See id.*). The Court can discern only a few words from the entire complaint. As the basis for jurisdiction, Plaintiff states that he is a registered sex offender, and he lists the following terms: "workplace" genetic information; freedom of speech; discrimination; and deprivation of character. (*Id.* at PageID #3). As best the Court can discern from Plaintiff's statement of claim, he repeats some of the words or phrases from his jurisdictional statement while adding an apparent date of November 24, 2023. (*Id.* at PageID #4–5). In a document attached to his complaint, which is equally hard to decipher, Plaintiff appears to allege that he is a registered sex offender and Defendants have discriminated against him by "spreading genetic information." (*See* ECF No. 1-1). It appears that Plaintiff seeks monetary damages. (*See id.*).

Plaintiff did not pay the filing fee, but instead, filed a motion to proceed *in forma pauperis*. (ECF No. 2). That motion is granted. For the reasons stated below, Plaintiff's complaint is

1

**DISMISSED**.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986). In reviewing a complaint, the Court must construe the pleadings in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Discussion

The Court recognizes that *pro se* pleadings are held to a less stringent standard than formal pleadings drafted by lawyers. *El Bey v. Roop*, 530 F.3d 407, 413 (6th Cir. 2008). However, the "lenient treatment generally accorded to *pro se* litigants has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Liberal construction for *pro se* litigants does not "abrogate basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). "A complaint must contain either direct or inferential allegations regarding all the material elements of *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988) (cleaned up) (citations omitted). Although specific facts are not required to meet the basic minimum notice pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, Plaintiff's complaint must give Defendants fair notice of what Plaintiff's legal claims are and the factual grounds on which they rest. *Wells*, 891 F.2d at 594.

Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard. His pleading fails to set forth "a short and plain statement of [any] claim showing that [Plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is composed entirely of barely legible conclusory allegations and sentence fragments. The complaint fails to include any discernible factual allegations or coherent claims. The Court is not required to construct claims from sentence fragments on behalf of a *pro se* litigant. Plaintiff's statement that Defendants are discriminating against him by "spreading genetic information" is nothing more than a mere "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Thus, the complaint does not satisfy the minimum pleading requirements of Rule 8.

### IV. Conclusion

For the foregoing reasons, Plaintiff's motion to proceed *in forma pauperis* in this matter (ECF

No. 2) is **GRANTED**, and his complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court further **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: April 2, 2024

_____
**CHARLES E. FLEMING**
**UNITED STATES DISTRICT JUDGE**